C. H. Fraley v. The State.

No. 7540.    Decided March 21, 1923.

Misdemeanor Theft—Insufficiency of the Evidence—Accomplice—Corroboration.

Where, upon trial of misdemeanor theft, the corroboration of the accomplice's testimony was not sufficient to connect the defendant with the taking of the alleged property, the conviction cannot be sustained.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of theft; penalty, $250 and twelve months in the county jail.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—Cited Miller v. State, 225 S. W. Rep., 262.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Wichita County at law of misdemeanor theft, and his punishment fixed at a fine of $250 and twelve months in the county jail.

The Boner Refining Company at Burkburnett had been losing gasoline apparently resulting from some one tapping their pipe line. On the night in question a man patrolling said pipe line approaching a certain point, heard a man whistle, first low and then loud, and saw a man running away from the pipe line. The patrolman went to the point from which the man fled and found that the line had been tapped and that gasoline was running through a piece of hose to a drum An invoice was found upon the ground near by. The date of this occurrence was July 6, 1922. Said invoice showed that on the 10th of May, 1922, M. P. Price had bought from the Continental Supply Company certain hose and certain "Mall Red" and that this bill had been paid by cash and checked out by some one whose initials were O. C. W. appearing four times on the invoice. The patrolman also testified that he saw some truck tracks around this place. Later the patrolman and the manager of the refining company went to appellant's residence and found there a tin gasoline drip and 270 gallons, and four drums con·

taining gasoline. On the night in question after the party ran away when detected by the patrolman, two young men came back to the pipe line at the point where said tap took place, and were captured. According to the patrolman these parties were named Price.

The above is the State's testimony except that of Dee Price who was an admitted accomplice. Dee Price testified that on the night in question he went with appellant in the latter's car and carried a number of empty drums to the point where the pipe line was tapped and that appellant was the man who was tapping it. Witness said that his part of the performance was to watch further up the pipe line and give a signal by whistling if anyone came. He said when the patrolman came he gave the signal and all of the parties went away and went to appellant's residence. He testified further that later he and Thomas Price went back at appellant's solicitation to get the drum and pump, and that they were captured down at the pipe line after they reached same. This is the State's case. Appellant testified that the Prices lived with him and used his car, and that he was in the business of buying and selling gasoline and had a number of drums which he used in his business. He denied being with Price at the pipe line in question on the night of the alleged theft and denied having any connection with it at all.

As we understand the record there is nothing in the State's testimony, aside from that of the accomplice Dee Price, which connects or tends to connect appellant with the taking of gasoline. The party who sold the hose and the Mall Red for the Continental Supply Company was not used as a witness, and if appellant had any connection with such purchase this is not shown. No one attempted to identify him as being at the pipe line on the night in question save the accomplice. There was not attempted identification of the truck tracks found near the place where the pipe line was tapped, with appellant's truck, and no peculiarity of the tracks of appellant's truck was shown. There was no evidence tending to show that the drum or hose or pipe found at the point where the line was tapped belonged to appellant or that he had ever had any connection with them, aside from the testimony of the accomplice. Appellant may be guilty and the State may be able to show this fact, but under our law the guilt of one accused of crime must to some extent appear from other evidence than that of the accomplice; such other evidence is plainly said not to be sufficient unless, in and of itself, it tends to connect the accused with the commission of the crime.

For the reason that the testimony in this case is not sufficient to corroborate the accomplice, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*